**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| SUSAN THOMAS POWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-415 |
| | § | |
| GALVESTON INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AFTER 18 U.S.C. § 4**
**JUDICIAL REVIEW, DENYING PLAINTIFF'S ALTERATIVE MOTION FOR LEAVE**
**TO REPLEAD, DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE, AND**
**GRANTING DEFENDANT'S MOTION TO DISMISS**

_____Plaintiff Susan Thomas Powell ("Plaintiff") alleges that Defendant Galveston Independent

School District ("Defendant") has violated both federal and state law, and seeks redress for her

alleged injuries.[1]   Now before the Court are Plaintiff's Motion to Remand after 18 U.S.C. § 4

Judicial Review, or in the alternative, Motion for Leave to Replead, Plaintiff's Request for Judicial

Notice, and Defendant's Motion to Dismiss.  For the reasons stated below, Plaintiff's Motion to

Remand is **DENIED**, Plaintiff's Alternative Motion for Leave to Replead is **DENIED**, and

Plaintiff's Request for Judicial Notice is **DENIED**.  Defendant's Motion to Dismiss is **GRANTED**,

---

[1]In her Petition, Plaintiff also references 18 U.S.C. § 24, which provides statutory
definitions for federal health care offenses.  In her Response to Defendant's Motion to Dismiss,
Plaintiff explained that the reference to 18 U.S.C. § 24 was a typographical error.  Therefore, to
the extent that Plaintiff's Petition makes any claims pursuant to 18 U.S.C. § 24, those claims are
hereby **DISMISSED WITH PREJUDICE**.

and all of Plaintiff's claims against Defendant are hereby **DISMISSED WITH PREJUDICE**.[2]

## I. Factual Background

At the outset, the Court must acknowledge that the pleadings and motions before it paint a hazy and somewhat confusing picture of the background to this lawsuit.  The following is what the Court has been able to discern from a careful review of the documents before it, and represents the Court's current understanding of this case.

Plaintiff originally filed suit in the District Court for the 56th Judicial District, Galveston County, Texas.  She filed a workers' compensation claim and a tort claim for intentional infliction of emotional distress, mixed with apparent claims of violations of federal criminal statutes.  In her Original Petition, Plaintiff alleges that she was assaulted by a student while working as a teacher at Austin Middle School, a school within the Galveston Independent School District, and that she suffered damages as a result.  Next, she alleges that Defendant, acting through its agents, "knowingly offered perjured testimony to disparage and destroy Plaintiff's reputation...and to cause severe emotional distress."  Plaintiff claims that this conduct violated 18 U.S.C. § 4, misprision of a felony, and 18 U.S.C. § 241, conspiracy against rights.  This is also the conduct that appears to have caused the intentional infliction of emotional distress.  Additionally, in her Response to Defendant's Motion to Dismiss, Plaintiff discusses in detail a contract, referred to as the "Boys' Town - Girls' Town contract," between Defendant and a private entity.  That contract was for a disciplinary training program or software system.  Plaintiff appears to claim that the disciplinary program implemented under this contract increased student behavior problems and contributed to or caused her alleged

---

[2]The Court does not consider this Order worthy of publication.  Accordingly, it has not requested and does not authorize publication.

assault, and/or that there were illegal aspects surrounding the procurement of the contract.

As previously stated, the facts before the Court are somewhat confusing.[3]

## II.  Procedural Background

On May 11, 2006, Plaintiff filed suit against Defendant in the District Court for the 56th Judicial District, Galveston County, Texas.  Defendant was served on May 26, 2006, and filed its Notice of Removal on June 23, 2006, within thirty days of the date of service.  Plaintiff timely filed her Motion to Remand After 18 U.S.C. § 4 Judicial Review, or Alternative Motion for Leave to Replead on June 30, 2006.  On July 3, 2006, Plaintiff filed a Request for Judicial Notice.  On July 11, 2006, Defendant moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  All of these Motions are now properly before the Court and ripe for consideration.

## II.     Motion to Remand

Absent an express provision to the contrary, a defendant may remove a state-court action to federal court only if the suit could have been filed originally in federal court.  *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).  Defendant claims that this lawsuit arises under this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Congress has provided the federal courts with jurisdiction over "all civil actions arising under the Constitution, laws, and treaties of the United States." 28 U.S.C. § 1331.  Generally, the existence

---

[3]Even though Plaintiff is representing herself *pro se*, she is a licensed attorney, and is not entitled to less stringent standards and liberal construction normally afforded to non-attorney *pro se* litigants.  *Cf. Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (noting that "the allegations of [a] pro se complaint" are held to "less stringent standards than formal pleadings drafted by lawyers"); *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002).

of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392, 107 S. Ct. at 2429 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13, 57 S. Ct. 96, 97–98, 81 L. Ed. 70 (1936)). If the plaintiff's well-pleaded complaint does not show that federal law creates the plaintiff's right of action, federal question jurisdiction may exist if "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S. Ct. 2841, 2856, 77 L. Ed. 2d 420 (1983). Although the well-pleaded complaint rule generally directs the court's attention to the face of the complaint, the mere allegation of a federal cause of action does not necessarily confer federal question jurisdiction on the district court. *See John Corp. v. City of Houston*, 214 F.3d 573, 579 (5th Cir. 2000) ("[I]n order to invoke a federal court's jurisdiction, claims cannot be obviously without merit or clearly foreclosed by the previous decisions of the United States Supreme Court." (citations and internal quotations omitted)).

Plaintiff offers no persuasive argument or reason for remand. Instead, in her Motion, she proceeds to argue *how* Defendant committed federal criminal violations, and then requests a "judicial review" pursuant to 18 U.S.C. § 4. In the alternative, she asks the Court to allow her to replead her claims so as not to disenfranchise her workers' compensation claims under Texas law, even though those claims were severed into a separate lawsuit by a State Court order of June 22, 2006.

Plaintiff's Original Petition unambiguously alleges violations of 18 U.S.C. § 4 and § 241.[4]

---

[4]The question as to whether these claims are viable is addressed in Part IV.

Additionally, in her Motion to Remand, Plaintiff relies upon 42 U.S.C. § 1983, and implies that she may have a cause of action under the First Amendment. Furthermore, in her Response to Defendant's Motion to Dismiss, she states that she wants this Court to address these statutes because there are not adequate protections for victims such as herself under Texas state law. The Court finds that despite the odd procedural posture of the claims in this case, that federal question jurisdiction exists, and that Plaintiff provides no cognizable reason for remand. Furthermore, the Court retains supplemental jurisdiction over Plaintiff's pendent state law claims that were not severed by the State Court's order of June 22, 2006. 28 U.S.C. § 1367(a). Plaintiff's Motion to Remand is **DENIED**.

As to Plaintiff's workers' compensation claims, they were not removed with this lawsuit. They were severed prior to removal, and the Court, at present, is provided with no explanation as to how the current pleading of Plaintiff's federal claims would affect her workers' compensation claims. Therefore, Plaintiff's Alternative Motion for Leave to Replead is **DENIED**.

## III. REQUEST FOR JUDICIAL NOTICE

Plaintiff's Request for Judicial Notice is also somewhat confusing, and it is not entirely clear, what it is that Plaintiff wants the Court to take judicial notice of. Defendant suggests in its Response that Plaintiff desires the Court to take judicial notice that Defendant has violated 18 U.S.C. § 4 and § 241. Pursuant to the Federal Rules of Evidence, judicial notice is reserved for adjudicative facts that are not subject to reasonable dispute that are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). The concept of Rule 201 is to take notice of a non-argumentative fact. Obviously, a finding that a state entity such as

Defendant violated federal criminal statutes is one that would be hotly contested.  Judicial notice is an entirely inappropriate mechanism for such a determination.[5]  This Court does not sit as a supernumerary grand jury, and it will not overstep the boundaries of its authority and find Defendant guilty of violating federal law without any of the constitutionally guaranteed safeguards provided to criminal defendants under the Constitution and the laws of the United States.  If Plaintiff feels as though criminal activity has taken place, then she is advised to contact the appropriate district attorney or United States Attorney's Office and file a criminal complaint.[6]  Plaintiff's Request for Judicial Notice is emphatically **DENIED**.

## IV. MOTION TO DISMISS

### A.  Dismissal of Federal Causes of Action Pursuant to Fed. R. Civ. P. 12(b)(6)

Plaintiff has alleged violations of the following federal criminal statutes: 18 U.S.C. §4 and 18 U.S.C. §241.  Defendant moves to dismiss Plaintiff's federal claims pursuant to  Fed. R. Civ. P. 12(b)(6).

A party is entitled to dismissal under Fed. R. Civ. P. 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted.  When considering a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded allegations in the complaint and views them in the light most favorable to the plaintiff.  *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (noting that a court must construe the complaint liberally in favor of

---

[5]Plaintiff provides no authority in support of her request for such judicial notice.

[6]To the extent that she has attempted to do so in the past and that such action has not lead to her desired outcome, that is not something that this Court can address through judicial notice.

the plaintiff).  *See also Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993).  A motion to dismiss should be granted only when it appears without a doubt that a plaintiff can prove no set of facts in support of his claims that would entitle him to relief.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002).  *See also Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

Plaintiff has failed to state any federal causes of action upon which relief may be granted. Plaintiff has failed to demonstrate that any of the criminal statutes that she has brought her claims under provide for a private cause of action.  The case law indicates that neither 18 U.S.C.§ 4 or 18 U.S.C. § 241 provide for a private right of action.  *See  Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (no private cause of action under 18 U.S.C. § 241); *Risley v. Hawk*, 918 F. Supp. 18, 21 (D.D.C. 1996) (same); *Panley v. Webster*, 816 F. Supp. 553, 559 (W.D. Mo. 1993) (no private cause of action under 18 U.S.C. § 4); *U.S. ex rel. Farmer v. Kaufman*, 750 F. Supp. 106, 108 (S.D.N.Y. 1990) (same).  In fact, in her Response to Plaintiff's Motion to Dismiss, she admits that there are no causes of action under the statutes, but she asks for judicial review because there is nothing under Texas state law to protect teachers in situations similar to hers.  While Plaintiff may have a sincere complaint and legitimate disagreement with the actions taken by Defendant, that alone cannot create a cognizable claim upon which relief may be granted.  Defendant's Motion to Dismiss Plaintiff's federal claims is **GRANTED**, and Plaintiff's federal claims against Defendant are **DISMISSED WITH PREJUDICE**.

### B.  Dismissal of State Causes of Action Pursuant to Fed. R. Civ. P. 12(b)(1)

Defendant also moves for dismissal of Plaintiff's state law claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction on the ground that Plaintiff has failed to establish a waiver of sovereign immunity.  Plaintiff has asserted claims under Texas law for interference with contractual rights, defamation, and intentional infliction of emotional distress.

District courts are powerless to exercise jurisdiction in excess of the limited jurisdiction statutorily conferred upon them by Congress.  *See Margin v. Sea-Land Servs., Inc.*, 812 F.2d 973, 976 (5th Cir. 1987).  A case is properly dismissed for lack of subject matter jurisdiction when a court lacks the statutory or constitutional power to adjudicate the case.  *See Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984).  If the defendant subsequently challenges the plaintiff's stated basis for jurisdiction, the plaintiff bears the burden of establishing that jurisdiction exists.  *See Harvey Const. Co. v. Robertson-CECO Corp.*, 10 F.3d 300, 303 (5th Cir. 1994); *Margin*, 812 F.2d at 976.  A court's consideration of such jurisdictional disputes should, however, focus only on discerning "some discreet jurisdiction requisite," as indicated by the facts alleged in the plaintiff's complaint; the inquiry should not address the merits of the plaintiff's claim.  *Green v. Ferrell*, 664 F.2d 1292, 1294 (5th Cir. 1982).

Defendant claims that it has immunity from suit for all of the torts alleged by Plaintiff. "[S]overeign immunity, unless waived, protects the State of Texas, its agencies and its officials from lawsuits for damages, absent legislative consent to sue the State." *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997).  The only exceptions to sovereign immunity for Texas governmental entities under Texas law are found in the Texas Tort Claims Act ("TTCA").  *See* Tex. Civ. Prac. & Rem. Code § 101.001 et seq. (Vernon 2005).  The TTCA does not waive sovereign immunity for intentional torts committed by the employees of state political subdivisions.  *See* Tex. Civ. Prac.

-8-

& REM. CODE § 101.057 (Vernon 2005); *Mosley v. Houston Community College System*, 951 F. Supp. 1279, 1290 (S.D. Tex. 1996) (finding that a state community college is a governmental unit and is entitled to sovereign immunity under Texas law). Additionally, an independent school district such as Defendant is immune from negligence suits. *See Barr v. Bernhard*, 562 S.W.2d 844, 846 (Tex. 1978) ("The law is well settled in [Texas] that an independent school district is an agency of the state and, while exercising governmental functions, is not answerable for its negligence in suit sounding in tort.").

The only exception to the sovereign immunity of independent school districts is for cases involving injuries arising from the operation or use of motor vehicles. TEX. CIV. PRAC. & REM. CODE § 101.051 (Vernon 2005). The torts alleged by Plaintiffs do not involve the use of a motor vehicle, and as such, fall outside the limited waiver of sovereign immunity provided in the TTCA for independent school districts such as Defendant. Defendant's Motion to Dismiss Plaintiff's state claims is **GRANTED**, and Plaintiff's state claims against Defendant are **DISMISSED WITH PREJUDICE**.

## IV.  CONCLUSIONS

For the reasons stated above, Plaintiff's Motion to Remand After Judicial Review is **DENIED**, Plaintiff's Alternative Motion for Leave to Replead is **DENIED**, and Plaintiff's Request for Judicial Notice is **DENIED**. Additionally, for the reasons stated above, Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) is **GRANTED**, and all of Plaintiff's claims against Defendant are hereby **DISMISSED WITH PREJUDICE**. A Final Judgment will be issued contemporaneously with this Order. Each party is to bear its own taxable

costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 1st day of August, 2006, at Galveston, Texas.


_____
Samuel B. Kent
United States District Judge