IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| SUSAN THOMAS POWELL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-415 |
| § | |
| GALVESTON I.S.D., § | |
| § | |
| Defendant, § | |

## ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS

Defendant Galveston I..S.D. ("Defendant") brings this Motion for Sanctions against Plaintiff Susan Thomas Powell ("Plaintiff") for allegedly attacking this Court's Final Judgment and attempting to relitigate the propriety of the Final Judgment issued by this Court in state court. Final Judgment was issued in this case on August 1, 2006. Defendants filed a Motion to Shorten Time Period for the Filing and Court Consideration of Defendant's Motion for Sanctions on August 18, 2006, and the Court granted said Motion on August 21, 2006. Thus, the "safe harbor" period required by Fed. R. Civ. P. 11(c)(1)(A) was decreased to seven days. Defendant filed its Motion for Sanctions on August 29, 2006, and Plaintiff filed a timely Response thereto. For the reasons stated below, Defendants' Motion is respectfully **DENIED**.

### I. Background

Plaintiff originally sued Defendant in the 56th Judicial District, Galveston, Texas, alleging state claims regarding an on-the-job injury as well as intentional infliction of emotional distress. She also made allegations of criminal misconduct on the part of Defendant that Plaintiff alleged may be

1

violation of a federal statute. Defendant timely removed the non-workers' compensation state and federal claims to this Court. Plaintiff filed a Motion to Remand and Motion for Leave to Replead, which this Court subsequently denied. *See  Powell v. Galveston I.S.D.*, No. G-06-415, 2006 WL 2239097 (S.D. Tex. August 1, 2006). Defendant filed a Motion to Dismiss, which this Court subsequently granted. *See id.*

In the Order Denying Plaintiff's Motion to Remand After 18 U.S.C. § 4 Judicial Review, Denying Plaintiff's Alternative Motion for Leave to Replead, Denying Plaintiff's Request for Judicial Notice, and Granting Defendant's Motion to Dismiss, this Court dismissed all of Plaintiff's claims, including her state claims, with prejudice. *See id.* Defendant alleges that Plaintiff refiled her state claims in state court in direct defiance to this Court's Order and that such defiance merits sanctions. Defendant also alleges that sanctions are appropriate because Plaintiff failed to conduct a reasonable investigation before filing documents with the Court and that she presented her claims to the Court for an improper purpose. Defendant requests that the Court sanction Plaintiff by requiring her to reimburse Defendant for the attorney fees it incurred defending Plaintiff's "baseless claims." (Def.'s Mot. Sanctions 8). Defendant also seeks an injunction from this Court enjoining and prohibiting Plaintiff from filing non-workers' compensation claims in the severed separate state cause involving her workers' compensation appeal against Defendant.

## II.  LEGAL STANDARD

Rule 1 of the Federal Rules of Civil Procedure directs that the Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Rule 11 provides a means for courts and litigants to assure that the aims of Rule 1 are not frustrated by allowing Courts to sanction attorneys and pro se litigants who act in bad faith by

presenting pleadings, motions, or other papers to the Court (1) for an improper purpose; (2) without sufficient investigation regarding their legal positions; or (3) without evidentiary support or a reasonable likelihood of evidentiary support after further investigation. *See* Fed. R. Civ. P. 11(b)-(c); *see also* Fed. R. Civ. P. 11 notes (Advisory Comm. Notes, 1993 Amendments) (discussing the purpose of the 1993 Amendments). While this Court has historically been reluctant to impose Rule 11 sanctions, it has not been reticent to do so when the attorney's conduct warrants sanctioning. *See Stanley v. Univ. Tex. Med. Branch*, 296 F.Supp. 2d 736 (S.D. Tex. 2003).

### III. ANALYSIS

In the instant case, Defendant claims Plaintiff brought claims against it in bad faith for harassment purposes and that she did not conduct a sufficient investigation into the legal basis for her claims. Specifically, Defendant alleges that Plaintiff refiled the same intentional infliction of emotional distress claim in state court that this Court dismissed with prejudice. However, this Court issued its Order and Final Judgment dismissing the intentional infliction of emotional distress claim on August 1, 2006. Plaintiff's state court claim is file stamped July 11, 2006. Therefore, the argument that Plaintiff "refiled" the exact same claim in opposition of this Court's Order has no substance.

While Plaintiff did not refile her claim for intentional infliction of emotional distress after this Court's dismissal of the claim, she did refile her intentional infliction of emotional distress claims in state court after the non-workers' compensation claims were all removed to this Court, but before the Court issued the Order. Such a filing could be deemed to be done with bad faith for harassment purposes. However, Plaintiff claims that she refiled her claims while she was in the midst of settlement discussions with Defendant's counsel. Plaintiff indicates that she replead her claims in

order to facilitate settlement, not for harassment purposes. Out of an abundance of caution to Plaintiff, and because she specifically cites settlement negotiations were ongoing at the time and that she may have been mistaken in her impressions, the Court will not, at this time, impose monetary sanctions on Plaintiff for this conduct.

Defendant also claims Plaintiff did not conduct a reasonable investigation into the facts and laws surrounding this case before filing any paper before a court, in violation of Rule 11. Defendant advised Plaintiff when it filed a Motion to Sever Claims that it was immune from the intentional infliction of emotional distress claim. Plaintiff concedes that Defendant notified her about its sovereign immunity, but she counters that her investigation of the law revealed that sovereign immunity would not protect Defendant if it was acting as a self-insurer and not performing an educational function. She also provides additional theories under which she believed Defendant's sovereign immunity would be waived. Again, out of an abundance of caution, the Court does not impose monetary sanctions upon Plaintiff because she failed to adequately investigate her claim.

However, the Court notes that Plaintiff, a licensed attorney, has apparently not been a practicing attorney for some time. The Court implores Plaintiff to consider hiring an attorney who is competent in this area of the law before contemplating any further litigation. With all due respect, the old adage, "he who represents himself has a fool for a client," was grounded in truth, and hiring an attorney would better serve both Plaintiff's interests and the interest of judicial economy.

Regarding Defendant's request for an injunction prohibiting Plaintiff from filing non-workers' compensation claims in the separate state action, the Court deems the request to be too broad. The non-workers' compensation claims pending at the time of removal have all been dismissed with prejudice, but if Plaintiff hires counsel who determines, after an adequate investigation into the

evidence and law, that there are additional non-workers' compensation unrelated to those which were dismissed by this Court, it is not appropriate for this Court to enjoin them in advance.

### IV. Conclusions

For the reasons stated above, Defendant's Motion for Sanctions and Defendant's Motion for an Injunction are **DENIED**. Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this _____ day of October, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge